UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEWMAN S. PEERY,<br><br>Defendant. | No. 2:18-cv-01074 JAM AC<br><br><br><br>ORDER |

Pending before the court are defendant's multiple motions to dismiss, ECF Nos. 33, 34, 36, 38, 39, 40, 41 and requests regarding discovery related matters, ECF Nos. 7, 27, 32. To ensure that this action proceeds in an efficient manner, the court will exercise its inherent power to control and manage its docket. See Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

I. Motions to Dismiss

The court has reviewed the docket and all recent filings relating to defendants' motions to dismiss. ECF Nos. 33, 34, 36, 38, 39, 40, 41. It is unclear which motion to dismiss defendant is seeking to pursue. The simultaneous pendency of multiple motions results in confusion and delay for the court and the parties. To maintain efficient management of the case docket, the court will deny all pending motions to dismiss without prejudice, and impose a strict schedule to ensure this

////

action proceeds in an orderly fashion. Defendant must bring all his arguments for dismissal in a single motion.

II. Discovery Motions

Defendant has also filed multiple discovery motions seeking various relief. See ECF Nos. 7, 27, 32. However, defendant has failed to comply with his discovery obligations as set forth in the Federal Rules of Civil Procedure and the court's Local Rules, prior to bringing these motions.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party does not make a required production, the requesting party may bring a motion before the court pursuant to Fed. R. Civ. P. 37 to compel disclosure. However, before a party may bring such a motion, the movant must show that he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. Fed R. Civ. P. 37(a)(1); E.D. Cal. R. 251(b). The burden of ensuring that proper meet and confer discussions take place is on the moving party. E.D. Cal. R. ("Local Rule") 251(b). The rule is clear: "Counsel for the moving party or *prospective moving party shall be responsible* for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." Id. (emphasis added).

"A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion." Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012); see also, Scheinuck v. Sepulveda, No. C 09-0727 WHA, 2010 WL 5174340, at *1-2, 2010 U.S. Dist. LEXIS 136529 (N.D. Cal. Dec. 15, 2010). Here, defendant has not complied with this court's Local Rules or federal rules governing discovery disputes. Local Rule 251(b) establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirement that the parties meet and confer and file a joint discovery statement. Here, no joint discovery statement has been filed. Moreover, there is no indication that the parties have met and conferred regarding the instant disputes. Because defendant, the moving party, did not satisfy Local Rule 251(b)'s meet and confer requirement and the joint

discovery statement requirement, the motions for discovery will be denied without prejudice. See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D. Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).

III.   Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for discovery, ECF Nos. 7, 27, and 32, are DENIED without prejudice;
2. Plaintiffs motions to dismiss, ECF Nos. 33, 34, 36, 38, 39, 40, and 41 are DENIED without prejudice;
3. Defendant's motion to dismiss shall be filed no later than October 31, 2018, and shall be properly noticed for hearing before the undersigned;
4. Opposition – or a statement of non-opposition – to the motion, shall be filed and served no less than fourteen days prior to the noticed hearing date.
5. A reply, if any, shall be filed no later than seven days preceding the date of the hearing.
6. Defendant is limited to only **one** motion pending at any time. Such motion must be properly noticed for hearing.
7. The September 26, 2018 hearing on plaintiff's amended motion for discovery, ECF No. 32, and amended motion to dismiss, ECF No. 33, is hereby VACATED; and
8. Failure to comply with this order may result in improper documents being stricken from the record.

IT IS SO ORDERED.

DATED: September 17, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3