UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NEWMAN S. PEERY, JR.,<br><br>    Defendant. | No. 2:18-cv-01074 JAM AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Defendant is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending before the court is defendant's motion to dismiss, ECF No. 47, which is fully briefed, see ECF Nos. 49, 51. The motion was heard on the court's regular law and motion calendar on November 14, 2018. Jonathan M. Hauck appeared telephonically on behalf of the United States of America and defendant Newman S. Perry, Jr. appeared telephonically in pro se. Based upon review of the record and the parties' briefing, the court recommends that defendant's motion to dismiss be DENIED.

## I. BACKGROUND

The United States of America ("United States") commenced this action against defendant Newman S. Peery Jr. ("Peery") on April 30, 2018. ECF No. 1. On June 22, 2018, the United States filed a first amended complaint ("Complaint"), which is the operative complaint in this

1

action.[1]  ECF No. 6.

The Complaint against Peery seeks to reduce tax assessments to judgment pursuant to 26 U.S.C. (Internal Revenue Code) § 7402.  Id. at 2.  Defendant has been assessed "for individual federal income taxes, penalties, interest, and other statutory additions" for the taxable years 2009 and 2010.  Id. at 2-3.  Plaintiff contends that Peery has "neglected, refused or failed to pay the assessments against him[.]"  Id. at 3.  Plaintiff seeks to reduce to judgment federal tax assessments against Peery in the amount of $259,032.55 "inclusive of statutory interest and other statutory additions as provided by law, less any payments or credits received."  Id. at 3-4.

## II.  MOTION TO DIMISS

Defendant seeks to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction, that process was insufficient, and that the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc ("Rule") 12(b)(1), 12(b)(4), and 12(b)(6).  ECF No. 47 at 3, 8-9; 51 at 3-4.

A. Legal Standards

1. *Lack of Subject-Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377–78 (1994).  Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court.  Fed. R. Civ. P. 12(b)(1); 12(h)(3); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583–84 (1983).  A Rule 12(b)(1) jurisdictional attack may be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction.  Id.  In these circumstances, the allegations

---

[1] The first amended complaint sought only to correct defendant's name from Newman S. Peery to Newman S. Peery, Jr.  ECF No. 6 at 1.

2

are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

In this case, defendant has mounted a "facial" attack. Specifically, defendant argues "[p]laintiff is attempting to make a case based upon a monetary claim when there has been no determination of liability sent by the [Internal Revenue Service ("IRS")] to the [r]espondent." ECF No. 51 at 4. Defendant further argues "[w]ithout a proper determination of liability there can be no subject matter jurisdiction in this case. FRCP 12(b)(1)." Id.

Defendant's argument is meritless. This action is brought by the United States seeking to reduce tax assessments to judgment arising from defendant's alleged failure to pay individual federal income tax. First, 28 U.S.C. § 1340 grants the district court "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue[.]" Moreover, 28 U.S.C. § 1345 grants the district court "original jurisdiction of all civil actions, suits or proceedings commenced by the United States[.]" Finally, 26 U.S.C. § 7402 provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, … and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 7402 demonstrates "congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." Brody v. United States, 243 F.2d 378, 384 (1st Cir.), cert. denied, 354 U.S. 923 (1957).

Defendant's argument about the "proper determination of liability" may or may not be cognizable as a defense on the merits, but it does not implicate this court's jurisdiction. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. (Internal Revenue Code) § 7402. Accordingly, the court should deny defendant's motion to dismiss on this ground.

        2. *Lack of Sufficient Process*

Defendant's motion also seeks dismissal under Rule 12(b)(4) for "insufficient service of administrative process." ECF No. 47 at 1, 5. A challenge to the form of process, rather than the

3

manner of its service, is properly raised under Rule 12(b)(4).  See 5B Wright & Miller, Federal Practice and Procedure, § 1353 (3d ed.).  A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons.  Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).

Pursuant to Local Rule 210(c),

> If the defendant has waived service of process, the plaintiff shall file the waiver of service as soon as possible after receiving the waiver and, in any event, before any action based upon the waiver of service is requested or taken by the Court or is taken by a party in reliance on proper service or a waiver thereof.  See Fed. R. Civ. P. 4(d)(4).

In support of dismissal under Rule 12(b)(4), defendant contends that the IRS failed to "rebut" an "Affidavit Filing Statement" mailed to it by defendant on April 19, 2011, requesting clarification on the "taxable activities in which" defendant "has purportedly been engaged and provide the statutes identifying taxable activities."  ECF Nos. 47 at 8; 51 at 3-4.  Defendant argues that plaintiff "has violated civilian due process and failed in its duty to complete the Administrative Process as required by FRCP Rule 12(b)(4)" and as a result "the IRS is and remains in the state of [dishonor] [for] its failure to rebut the attached 'Affidavit Filing Statement' pursuant to FRCP 12(b)(4)[.]"  ECF No. 47 at 8.

Defendant's argument does not support dismissal for insufficient process under the Federal Rules.  The record indicates that on May 28, 2018, defendant executed a waiver of the service of summons.  ECF No. 5.  The waiver notified defendant that "[i]f the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service."  Id.  Plaintiff filed this waiver with the court on June 7, 2018.  Id.  The court identifies no defect contained in the summons, and defendant raises none. In fact, review of the summons shows that it complies with the requirements set forth in Fed. R. Civ. P. 4(a)(1).  Accordingly, the court should deny defendant's motion to dismiss on this ground.

### 3. *Failure to State a Claim*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th

Cir.1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Defendant cites to Rule 12(b)(6) in his briefing but fails to provide arguments for dismissal on this ground. See ECF Nos. 47 at 1, 9; 51 at 1, 4. The Complaint alleges a single claim for relief to reduce to judgment federal tax assessments against defendant. ECF No. 6 at 2. The Complaint alleges that the government made six timely tax assessments for unpaid individual federal income tax for the taxable years 2009 and 2010 against defendant from 2013 to 2016. Id. at 3. Notice and demand for payment of the assessments were timely done. Id. Despite this, the Complaint alleges that defendant has "neglected, refused, or failed to pay the assessments against him" for a total sum owed to plaintiff of $259,032.55 "inclusive of statutory interest and other statutory additions as provided by law, less any payments or credits received." Id. at 3-4. Accordingly, plaintiff has pled sufficient facts to establish a basis for relief sought pursuant to 26 U.S.C. § 7402(a). The court should deny defendant's motion to dismiss on this ground.

### III.  CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 47) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen (14) days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 14, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE