UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-cv-01074 JAM AC (PS) |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NEWMAN S. PEERY, JR.,[1] | |
| Defendant. | |

Defendant is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending before the court is defendant's renewed motion to dismiss, ECF No. 86, which has been fully briefed, ECF Nos. 87, 92.[2] The motion was originally scheduled for hearing on July 10, 2019, but upon review of the record, the court found the motion appropriate for submission without oral argument.[3] ECF No. 90. Based upon review of the record and the parties' briefing, the court recommends that defendant's motion to dismiss be DENIED.

////

---

[1] The Clerk of Court is directed to correct the docket to reflect defendant's name as "Newman S. Peery, Jr.," in accordance with the first amended complaint (ECF No. 6 at 1).

[2] Also pending before the court are the parties' cross-motions for summary judgment, currently set for hearing on July 31, 2019. ECF Nos. 88 & 91.

[3] Based on his latest filing, ECF No. 93, defendant seems to believe that the court's order vacating the July 10, 2019 hearing also terminated his motion to dismiss. It did not.

1

## I. BACKGROUND

The United States of America ("United States") commenced this action against defendant Newman S. Peery, Jr. ("Peery") on April 30, 2018. ECF No. 1. On June 22, 2018, the United States filed a first amended complaint ("Complaint"), which is the operative complaint in this action.[4] ECF No. 6.

The Complaint seeks to reduce to judgment federal tax assessments against Peery, pursuant to 26 U.S.C. (Internal Revenue Code) § 7402. Id. at 2. Defendant has been assessed for individual federal income taxes, penalties, interest, and other statutory additions for the taxable years 2009 and 2010. Id. at 2-3. Plaintiff contends that Peery has "neglected, refused or failed to pay the assessments against him[.]" Id. at 3. Plaintiff seeks to reduce to judgment federal tax assessments against Peery in the amount of $259,032.55 "inclusive of statutory interest and other statutory additions as provided by law, less any payments or credits received."[5] Id. at 3-4.

In October 2018, Peery moved to dismiss based, in part, on lack of subject matter jurisdiction. ECF No. 47. The undersigned found that jurisdiction was proper pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. (Internal Revenue Code) § 7402, and recommended denying the motion. ECF No. 54 at 3, 6. The district judge adopted these findings and recommendations in January 2019. ECF No. 60. Peery has since filed numerous affidavits, exhibits, and briefs without any accompanying motions. ECF Nos. 72-79. On June 5, 2019, Peery filed the instant renewed motion to dismiss. ECF No. 86.

## II. MOTION TO DIMISS

Defendant now seeks to dismiss the complaint, purportedly "due to lack of personum and subject matter jurisdiction," citing Fed. R. Civ. P. 12(b)(1) and 12(b)(2). ECF No. 86 at 1-6. Despite this characterization, examination of defendant's arguments leads the court to construe the motion as seeking dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's arguments do not challenge the court's power—either to hear the case, as with a

---

[4] The first amended complaint sought only to correct defendant's name from Newman S. Peery to Newman S. Peery, Jr. ECF No. 6 at 1.

[5] Projected to July 24, 2019, Peery's total outstanding balance will be $276,870.94. ECF Nos. 88.1 at 9, 88.4 at 9.

2

Rule 12(b)(1) motion, or to render an enforceable judgment against him, as with a Rule 12(b)(2) motion—but, rather, plaintiff's ability to enforce internal revenue laws against him through this action. See ECF No. 86 at 20 ("The United States and the Internal Revenue Service lacks personum jurisdiction in this Case . . . ."). Moreover, this court has already determined that subject matter jurisdiction is proper in this case under 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 7402. ECF No. 54 at 3. Regardless of the type of motion to dismiss, all of defendant's arguments are meritless; most are frivolous. The court will briefly address each in turn.

### A. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

////

B. <u>Analysis</u>

First, defendant argues that, as a resident of New Mexico,[6] he is a "Private Citizen Nonresident Alien . . . who resides outside of the foreign jurisdiction to which the Internal Revenue Code (IRC) operates, which is the District of Columbia and federal territories." ECF No. 86 at 15. Section 1 of the Internal Revenue Code ("IRC") imposes a tax liability on the taxable income of every individual, see <u>Grimes v. Commissioner</u>, 806 F.2d 1451, 1453 (9th Cir. 1986), and is not limited to the District of Columbia and federal territories, see <u>In re Becraft</u>, 885 F.2d 547, 548 (9th Cir. 1989) (confirming the constitutional authority for imposing federal income tax "on United States citizens residing in the United States and . . . the validity of the federal income tax laws as applied to such citizens"). Defendant's first argument is patently frivolous. See <u>Robinson v. United States</u>, 224 F. App'x 700, 701 (9th Cir. 2007) (rejecting as frivolous argument that individual was not a citizen of the United States but of "the Hawaii-republic", and therefore not subject to tax); <u>United States v. Molen</u>, No. 2:10-CV-02591 MCE, 2012 WL 2886669, at *4 (E.D. Cal. July 13, 2012) (rejecting as frivolous argument that defendants were not subject to federal tax laws because they were not citizens of Washington, D.C., or other federal territories).

Next, defendant puts forth three arguments related to his lack of taxable "wages" and "income": (1) that, as a nonresident alien, he cannot have wages or income; (2) because he did not hold public office in the United States, he could not have wages, citing 26 U.S.C. § 3401; and (3) because he did not have wages or income related to a variety of categories listed in 26 C.F.R. 1.861-8(f)(1)(vi), he had no taxable income. ECF No. 86 at 16-19. The first argument fails for the reasons just discussed. Second, while 26 U.S.C. § 3401(c) specifies that, for taxation purposes, "the term 'employee' includes an officer, employee, or elected official of the United States [among others]," it does not thereby exclude others from the IRC's application. Third, 26 C.F.R. 1.861-8(f) is part of the United States Treasury regulations concerning whether an item of a taxpayer's gross income has its source within or outside the United States. The fact that

---

[6] According to the United States, Peery resided within the Eastern District of California at the time the tax liabilities at issue accrued. ECF No. 6 at 2.

4

defendant received no income that fell within the categories listed in that regulation has no bearing on whether defendant had taxable income. See Johnson v. United States, 291 F. Supp. 2d 1163, 1165-66 (E.D. Cal. 2003) (Drozd, M.J.) (discussing courts' rejection as frivolous of assertions that 26 C.F.R. § 1.861-8(f) in any way limits the definition of gross income).

Defendant further argues that, as a nonresident alien, the only way he could be subject to taxation is if he willingly contracted with the Internal Revenue Service ("IRS"), which he asserts he has not done. ECF No. 86 at 16-17, 21-22. Once again, defendant's nonresident alien argument is meritless. Moreover, "the federal income tax is not contractual or voluntary." Williams v. Lew, No. CV1501160SVWDFM, 2016 WL 4119954, at *3 (C.D. Cal. June 16, 2016) (citing Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988)), report and recommendation adopted, No. CV1501160SVWDFM, 2016 WL 4107650 (C.D. Cal. July 28, 2016). This argument is frivolous as well.

Defendant next argues that the IRS was "incorporated as a for-profit private sector corporation" and therefore cannot properly collect debts on behalf of the United States. ECF No. 86 at 20. This position is plainly contradicted by multiple sections of the IRC which give the IRS collection and enforcement authority. See, e.g., 26 U.S.C. §§ 6201(a) ("The Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes . . . imposed by this title . . . ."); 7602(a) (authorizing the Treasury Secretary to issue a summons for the purpose of "determining the liability of any person for any internal revenue tax"). The court therefore rejects this argument as frivolous.

Oddly, defendant also argues that the IRS is the real party in interest in this action, and the United States has been improperly substituted as plaintiff in an attempt to defraud the court. ECF Nos. 86 at 20; 92 at 1-2. The United States is a proper plaintiff in this action. According to the Complaint, this action was commenced at the direction of the U.S. Attorney General and at the request and with the authorization of the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury. ECF No. 6 at 2; see 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the

action be commenced."). Furthermore, a person's unpaid tax liability creates a "lien in favor of the United States." 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person."). Plaintiff's "real party in interest" theory is frivolous as well.

Further, defendant claims that plaintiff's failure to respond to one of his miscellaneous filings in this matter, a Filing Statement Affidavit for tax year 2010 (ECF No. 74), constitutes a waiver of the right to respond to his claim therein that he is not required to file taxes. ECF No. 86 at 18, 21. Plaintiff was under no obligation to respond to plaintiff's unprompted filing of this document and therefore has not forfeited any of its claims.

Finally, defendant asserts that the United States Tax Court ("Tax Court") has ruled that it does not have jurisdiction over him for the years 2009 and 2010.[7] ECF No. 86 at 22. In support, defendant refers to another of his miscellaneous filings, a one-page February 2019 order from the Tax Court, dismissing for lack of jurisdiction a petition brought by Peery, pursuant to a motion to dismiss by the IRS. ECF No. 75 at 2. Without further explanation, the undersigned cannot conclude that the Tax Court's jurisdictional determination in any way implicates the district court's jurisdiction over this separate action.

Accordingly, the court should deny defendant's motion to dismiss on each of these grounds. Furthermore, defendant is cautioned that the continued filing of motions containing frivolous arguments like those identified above exposes him to sanctions under Fed. R. Civ. P. 11 and Local Rule 110.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 86) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

---

[7] The Tax Court is an Article I court and has limited jurisdiction to "rule on deficiencies assessed by the government on taxpayers." Crawford v. Comm'r, 266 F.3d 1120, 1122 (9th Cir. 2001).

6

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen (14) days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 10, 2019.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE