UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NEWMAN S. PEERY, JR., <br><br> Defendant. | No. 2:18-cv-01074 JAM AC (PS) <br><br><br> FINDINGS AND RECOMMENDATIONS |

Defendant is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to E.D. Cal. R. 302(c)(21). The United States of America ("United States" or "plaintiff") brought this action against defendant Newman S. Peery, Jr. ("Peery") seeking to reduce to judgment federal tax assessments against Peery, pursuant to 26 U.S.C. § 7402. Currently before the court are plaintiff's motion and defendant's cross-motion for summary judgment. ECF Nos. 88, 91. The matter has been fully briefed and was taken under submission pursuant to E.D. Cal. R. 230(g). ECF No. 96. Having reviewed the parties' motions, and the documents filed in support and opposition, the court recommends that plaintiff's motion for summary judgment be GRANTED and defendant's motion be DENIED.

////

////

////

# I. BACKGROUND

The United States commenced this action against Peery on April 30, 2018, and filed a first amended complaint ("Complaint")[1] on June 22, 2018. ECF Nos. 1, 6. The Complaint seeks to reduce to judgment federal tax assessments against Peery for individual federal income taxes, penalties, interest, and other statutory additions for the taxable years 2009 and 2010. ECF No. 6 at 1-3. According to plaintiff, as of July 24, 2019, Peery's total outstanding balance was $276,870.94. ECF Nos. 88.1 at 9, 88.4 at 9.

Throughout this action, Peery has contended that, despite being born and raised in the United States, he is a "private civilian nonresident alien" to whom federal internal revenue laws do not apply for various reasons. See ECF Nos. 47 at 16-17; 86 at 15-19; 91 at 10-12. Peery's first motion to dismiss was denied in January 2019 (ECF No. 60); and the undersigned has recommended that his second motion to dismiss also be denied (ECF No. 94), as it contains mostly frivolous arguments—several of which defendant reiterates in his instant motion.

Each party has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF Nos. 88, 91.

# II. UNDISPUTED FACTS

The underlying facts regarding the income received, tax assessments made, and notifications sent regarding Peery's tax liability are largely undisputed.[2] Plaintiff's statement of undisputed facts ("SUF") establishes the following. Peery was born in New Mexico in 1940, taught business at various universities until retiring in 2008, and published books from which he

---

[1] The first amended complaint sought only to correct defendant's name from Newman S. Peery to Newman S. Peery, Jr. ECF No. 6 at 1.

[2] Peery's opposition to plaintiff's motion for summary judgment (ECF No. 99) was filed one week late and does not comply with Local Rule 260(b), which requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts, (2) expressly admit or deny each fact, and (3) cite evidence in support of each denial. Nevertheless, the undersigned has reviewed defendant's opposition in an effort to discern whether defendant denies any fact asserted in plaintiff's statement of undisputed facts.

Rather than identifying factual disputes about what did or did not happen in this case, defendant's opposition reiterates frivolous legal arguments already rejected by this court (ECF No. 94), including: that he is a "private civilian nonresident alien" not subject to the U.S. tax code; that he does not meet the statutory definition of a taxpayer; and that "the receipts" listed in the government's statement of facts do not represent taxable income. ECF No. 99 at 7-9, 12.

receives royalty payments. ECF No. 88.2 (SUF) at 2-3. Peery did not timely file with the Internal Revenue Service ("IRS") an individual income tax return Form 1040 for tax years 2009 or 2010. Id. ¶¶ 15-16, 28.

A. 2009 Income Tax Liability

On December 30, 2010, after requesting Peery's 2009 income tax return, the IRS received from him two Forms 1040 for tax year 2009, neither of which reflected any tax due. SUF ¶¶ 15-16; ECF No. 88.5 at 1-24 (Exs. 1 & 2). These returns showed royalty income, taxable retirement account distributions, and Social Security distributions. SUF ¶¶ 19-24; Exs. 1 & 2. The IRS determined that the 2009 returns were frivolous, and in 2012 computed Peery's 2009 income tax liability based on Information Return Processing ("IRP") information from several parties. Id. ¶¶ 17-18, 26; ECF No. 88.5 at 26-35 (Ex. 3). IRP information is maintained by the IRS and consists of retrievable computer records reflecting data reported by third parties on various IRS forms. SUF ¶ 18. The IRS can obtain IRP Transcripts for individuals by running searches for an individual's social security number. Id.

On August 31, 2012, the IRS sent Peery a Letter 3219 Notice of Deficiency for his 2009 income tax liability. Id. ¶ 26; ECF No. 88.5 at 43-62 (Exs. 5 & 6). Peery failed to respond to the Notice of Deficiency.[3] SUF ¶ 27. Accordingly, on January 14, 2013, the IRS issued a Form 4340 Certificate of Assessments and Payments assessing the tax deficiency and penalties shown on the notice. SUF ¶ 27; ECF No. 88.6 at 23-28 (Ex. 9).

At his April 2019 deposition, Peery admitted to receiving royalties from one of his books in 2009 and did not dispute that the total was $819. SUF ¶ 12, 20; ECF No. 88.2 (Peery Depo.) at 14-16. Peery also acknowledged receiving a retirement distribution in the amount of $447,535 somewhere between 2008 and 2010. SUF ¶ 21; Peery Depo. at 16-17. Finally, Peery did not dispute receiving $27,956 in Social Security benefits in 2009. SUF ¶ 25; Peery Depo. at 17.

////

---

[3] This is the one factual assertion that Peery denies in his opposition, stating that he made many attempts to respond, and attaching an affidavit cataloguing his communications with the IRS. ECF No. 99 at 10-11, 16-17. The undersigned does not find this sufficient to create a material issue precluding summary judgment.

3

B. 2010 Income Tax Liability

Because Peery did not file a Form 1040 for tax year 2010, the IRS computed his 2010 income tax liability using IRP information. SUF ¶¶ 28-29; ECF No. 88.5 at 37-41 (Ex. 4). On February 18, 2014, the IRS sent Peery a Letter 3219 Notice of Deficiency for his 2010 income tax liability. SUF ¶ 29; ECF No. 88.6 at 2-19 (Ex. 7). Peery failed to respond. SUF ¶ 30. Therefore, on June 30, 2014, the IRS issued a Form 4340 Certificate of Assessments and Payments assessing the tax deficiency and penalties shown on the notice. SUF ¶ 30; ECF No. 88.6 at 30-35 (Ex. 10).

At his deposition, Peery admitted to receiving royalties in 2010, stating that $1,629 sounded like an accurate amount. SUF ¶ 32; Peery Depo. at 17-18. Peery testified that it was possible he received retirement distributions in the amount of $32,700 in 2010. SUF ¶ 34; Peery Depo. at 20. Peery did not dispute receiving $27,978 in Social Security benefits in 2010. SUF ¶ 36; Peery Depo. at 20.) Lastly, Peery acknowledged that the United States' figures regarding the sums he received in 2009 and 2010 were accurate. SUF ¶ 37; Peery Depo. at 20-21, 23. He testified: "If I were a statutory citizen obliged to file with the IRS, those [amounts reflected on the Notices of Deficiency] would be considered to be correct by me." Peery Depo. at 25.

C. Overall Liability

On the dates and for the amounts listed below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Peery for the following income taxes, penalties, interest, and other statutory additions for both taxable years:

| Type of Tax | Tax Period | Assessment Date | Assessment Amount[4] | Total Balance as of 04/30/2018 (including accruals) |
|---|---|---|---|---|
| Income (1040) | 2009 | 01/14/2013 | T $147,671.00<br>P1 $2,991.49<br>P2 $28,623.83<br>I $15,471.47<br>P3 $20,990.80 | $246,540.05 |
| | | 09/02/2013 | P3 $9,541.28 | |

---

[4] T—tax; P1—estimated tax penalty, 26 U.S.C. § 6654; P2—late filing penalty, 26 U.S.C. § 6651(a)(1); P3—failure to pay tax penalty, 26 U.S.C. § 6651(a)(2); I—interest.

4

|  |  |  | I | $3,743.19 |  |
|  |  | 11/17/2014 | P3 | $1,272.17 |  |
|  |  |  | I | $7,698.64 |  |
|  |  | 10/17/2016 | I | $6,735.68 |  |
| Income (1040) | 2010 | 06/30/2014 | T | $6,768.48 | $12,492.50 |
|  |  |  | P1 | $143.14 |  |
|  |  |  | P2 | $1,501.65 |  |
|  |  |  | I | $867.48 |  |
|  |  |  | P3 | $1,301.43 |  |
|  |  | 11/23/2015 | I | $452.05 |  |
|  |  |  | P3 | $367.07 |  |
|  |  |  | **Total** |  | **$259,032.55** |

SUF ¶ 39; ECF No. 88.6 at 23-41 (Exs. 9-12). As of July 24, 2019, there remained due and owing to the United States on those assessments the total sum of $276,870.94 for Peery's 2009 and 2010 income tax liabilities. SUF ¶ 41; ECF No. 88.6 at 43-53 (Exs. 13 & 14).

### III. MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT

A. <u>Legal Standard</u>

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1). A fact in contention is "material" if it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). "In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

Further, "the filing of cross-motions for summary judgment, [with] both parties asserting that there are no [ ]contested issues of material fact, does not vitiate the court's responsibility to determine whether disputed issues of material fact are present." Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001) (quoting United States v. Fred A. Arnold, Inc., 573 F.2d 605, 606 (9th Cir. 1978)). "[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits . . . . [and] the court must

////

review the evidence submitted in support of each cross-motion." Id. (citations and quotation marks omitted).

B. Analysis

Pursuant to 26 U.S.C. § 7402(a), district courts have jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Under the Ninth Circuit's burden-shifting framework for reducing to judgment tax liabilities involving unreported income, the government bears the initial burden of proof in an action to collect federal taxes. In re Olshan, 356 F.3d 1078, 1084 (9th Cir. 2004). "That burden is satisfied by the IRS's deficiency determinations and assessments for unpaid taxes, which are presumed correct so long as they are supported by a minimal factual foundation." Id. (internal citation and quotation marks omitted); see United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir. 1983) ("The government can usually carry its initial burden, however, merely by introducing its assessment of tax due. Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case.").

"Once the Government has carried its initial burden of introducing some evidence linking the taxpayer with income-producing activity, the burden shifts to the taxpayer to rebut the presumption by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Rapp v. Comm'r, 774 F.2d 932, 935 (9th Cir. 1985). If the taxpayer succeeds in overcoming the presumption, the burden shifts back to the government to prove the deficiency. Hardy v. Comm'r, 181 F.3d 1002, 1005 (9th Cir. 1999).

Here, the United States has provided a Form 4340 IRS Certificate of Assessments and Payments calculating the tax due from Peery for both the 2009 and 2010 tax years. Exs. 9 & 10. These forms provide "presumptive evidence that a tax has been validly assessed . . . ." Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); see Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992) ("[O]fficial documents—such as IRS forms—are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made."). Further, the government's prima facie case is bolstered by the presentation of other IRS forms corroborating the Form 4340. Peery's unassessed

7

Forms 1040 reflect income from various sources (Exs. 1 & 2), and the Letter 3219 Notices of Deficiency for 2009 and 2010 further link Peery with income-producing behavior (Exs. 5, 6, 7).

The United States having thus convincingly met its initial burden, the burden shifts to Peery to rebut the ensuing presumption of valid and accurate tax assessment. Though defendant filed an opposition to plaintiff's motion for summary judgment, he has failed to present any evidence that the government's tax deficiency determination is arbitrary or erroneous. See Rapp, 774 F.2d at 935. To the contrary, in his deposition, Peery stated that the government's calculations are correct. Peery Depo. at 25.

Peery responds with conclusory arguments rehashing contentions that this court has previously rejected as groundless. See ECF No. 99 at 12 (stating that he "has not seen any evidence" that he is a "United States' citizen and taxpayer"; that "[n]othing has been presented" that proves he is "subject to Title 26 as a taxpayer with a duty to honor the assessments" of the IRS; and that it has been improperly presumed that "everything received by [him] or anyone else is taxable income"). The court has already rejected each of these arguments as groundless, see ECF No. 94 at 4-5, and will not expend its limited resources addressing them again here.

Defendant has failed to show that there is a genuine issue of material fact as to plaintiff's motion for summary judgment. See United States v. Ford, No. 1:17-CV-00187-DAD-EPG, 2018 WL 4735727, at *5-7 (E.D. Cal. Sept. 28, 2018) (granting summary judgment for the government where it presented a Form 4340 and deposition testimony corroborating defendant's income-producing activity). In addition, defendant's cross-motion for summary judgment fails to establish that he is entitled to judgment as a matter of law. Peery's motion for summary judgment (ECF No. 91) contains a jumble of "undisputed facts" related to his citizenship status, taxpayer status, and lack of statutory "wages" or "income"—again, subjects that the court has already addressed in considering his motion to dismiss. See ECF No. 94.

Therefore, the court recommends that judgment be entered in favor of the United States as to defendant's 2009 and 2010 income tax liability. Defendant is consequently also liable for interest and penalties accruing on his tax liabilities. See 26 U.S.C. §§ 6601(a), 6621, 6622(a); 28 U.S.C. § 1961(c); Purer v. United States, 872 F.2d 277, 277 (9th Cir. 1989) ("[A]fter December

31, 1982, interest on tax deficiencies was to be determined by reference to a floating rate and compounded daily."); United States v. Vacante, 717 F. Supp. 2d 992, 1014 n.28 (E.D. Cal. 2010) ("Pursuant to 26 U.S.C. §§ 6601(a) and (e)(2)(A), 6621, and 6622, the United States is entitled to statutory interest on income taxes and associated penalties imposed as of the date of notice and demand, which accrues daily until paid in full.").

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The United States' motion for summary judgment (ECF No. 88) be granted;
2. Defendant Newman S. Peery, Jr. be found indebted to the United States in the amount of $276,870.94 for unpaid individual federal income tax and penalties for 2009 and 2010, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, from July 24, 2019 until the judgment is fully paid;
3. Defendant Peery's cross-motion for summary judgment (ECF No. 91) be denied; and
4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen (14) days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE